228

## CIRCUIT COURT OF THE CITY OF RICHMOND

Watson M. Marshall, Trustee, etc.

v.

Casteel Corp.
and Norman Olitsky

June 27, 1989

Case No. LJ-2213-1

By JUDGE MELVIN R. HUGHES, JR.

This case was taken under advisement at the conclusion of the non-jury trial on March 24, 1989. The Court set a post-trial briefing schedule for consideration of whether the plaintiff, a Trustee in Bankruptcy, can recover on a note which is payable to a third party subsidiary corporation by the defendant.

Briefly, the facts adduced at trial and the contentions of the parties can be summarized as follows.

On July 9, 1981, plaintiff was appointed Trustee in Bankruptcy for Tanner's Transfer and Storage of Virginia, Inc., by the United States Bankruptcy Court. As Trustee, plaintiff has undertaken to collect all of Tanner's assets in order to pay creditors.

The evidence revealed that Tanner's wholly-owned subsidiary, Lee Moving and Storage, Inc., entered into an agreement with defendant, Casteel Corporation.

Lee agreed to sell Casteel fixtures and equipment for $40,000. Casteel had paid $25,000 at the time of the contract with $15,000 due. Lee and Casteel executed a promissory note whereby Casteel promised to pay Lee $15,000 plus 10% interest. Casteel received the assets it purchased. Before any payments were made on the note, however, Lee was involuntarily dissolved by the State Corporation Com-

mission of Virginia, on June 1, 1982, for failure to comply with state corporation laws.

Plaintiff claims that Tanner, the parent corporation and 100% shareholder of Lee, is entitled to claim and receive any money due Lee. In addition, as Trustee in Bankruptcy for Tanner, plaintiff asserts his right to sue on Lee's behalf in Tanner's capacity as sole stockholder of Lee.

While there is no dispute that Casteel is liable to Lee on the note, Casteel contends that neither Tanner nor plaintiff may present this claim against it. Casteel argues that even though Lee was a wholly-owned subsidiary of Tanner, the two corporate entities were distinct and, therefore, Tanner has no claim to an obligation owed to Lee. Because of this corporate distinction, according to Casteel, only Lee may present this cause of action. Casteel argues the statutory dissolution scheme passes corporate assets to the directors as trustees in liquidation under Section 13.1-752 of the Code of Virginia, 1950, as amended. Casteel further contends that even if Tanner has standing to sue on behalf of Lee, pursuant to Section 541(b) of the United States Bankruptcy Code, a bankrupt-debtor's estate does not include claims of a third party. The Trustee in Bankruptcy, therefore, has no standing to pursue a claim for assets that will not be included in the bankrupt estate.

The Court finds defendant's position persuasive. Plaintiff-trustee in this case is confined to recover only that which is inclusive in the bankrupt's estate as property or claims due it. While Tanner is a parent corporation of Lee, the corporate obligee on the note being sued upon here, under the distinction of corporate entities, and in view of the corporate dissolution statutes applicable to Lee, the subsidiary, there is no basis for the plaintiff-trustee to recover on the note. Sole ownership of the subsidiary-obligee's stock is not enough without the note carrying the bankrupt as payee. The Trustee in Bankruptcy, therefore, has no standing to pursue a claim for assets that are not included in the bankrupt's estate, pursuant to Section 541(6) of the United States Bankruptcy Code.

Accordingly, I am ready to enter judgment for the defendant.